JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-08445-RGK (MANx)** | Date | October 31, 2012 |
|---|---|---|---|
| Title | *FEDERAL NATIONAL MORTGAGE v. JULIO JIMENEZ et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

    On October 2, 2012, Defendant Julio Jimenez, in pro se, removed this action from the Los Angeles County Superior Court on the basis of federal question and diversity jurisdiction, pursuant to 28 U.S.C. § § 1331, 1332.

    Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

    Federal question jurisdiction stands where a federal statute creates a cause of action, 28 U.S.C. § 1331, or where the resolution of a right created by state law necessarily turns on the construction of federal law, *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Federal courts will only consider federal issues that arise on the face of the complaint. *Taylor v. Andersen*, 234 U.S. 74, 75-76 (1914). Thus, an invocation of a federal law as a defense in the answer is insufficient basis to establish federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 39 (1987). Additionally, the Notice of Removal of a civil action must be filed within 30 days after receipt of initial pleadings upon defendant of a state pleading alleging a removable claim. 28 U.S.C. § 1446(b)(1).

    Defendant states that one of the bases for removal is that the claim arises under federal law.

However, the Court's careful review of the Complaint filed by Federal National Mortgage ("Plaintiff") on September 20, 2011, shows that Plaintiff raised no federal question therein. Plaintiff's Complaint is a discrete action for unlawful detainer, an action which exclusively invokes authority pursuant to California statute. Defendants cannot confer jurisdiction upon the Court by attempting to attach a federal question to the Notice of Removal or by asserting a defense under federal law. Thus, removal is improper under federal question.

Further, removal is improper because it is procedurally defective. Although Defendant successfully alleged the substantive elements of diversity jurisdiction, removal is untimely. Defendant did not indicate to the Court the date of receipt of the state Complaint to prove that removal was timely. On October 17, 2012 the Court issued an Order to Show Cause providing Defendant with the opportunity to remedy this defect. A response was due October 26, 2012. To date, Defendant has not filed a response. Therefore, because no federal question exists in the Complaint and because Defendant untimely removed on the basis of diversity, removal is improper.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

                                                                                                                                                  :

Initials of Preparer